## No. 579

No. 18777—The City of Cincinnati v. Public Utilities Commission of Ohio.

No. 18779—The Cincinnati & Suburban Bell Tel. Co. v. Public Utilities Commission of Ohio.

Error to the Public Utilities Commission of Ohio.

973. PUBLIC UTILITIES—Fixing of valuation of property—Classified service schedule, reasonable, lawful, and not discriminatory.
JONES, J.

1. Section 614-50, General Code provides that moneys in the depreciation fund may be expended by a public utility in new construction, extensions and additions to its property. Section 614-23, General Code, provides that the public utilities commission in fixing rates, shall have due regard to the utility's property "actually used and useful for the convenience of the public." Section 499-9 (f), General Code, provides that the net value, as of a date certain, of all physical property (other than land) is derived by deduction of depreciation from the sum of the new reproductive costs. Under these sections the amount deducted for depreciation is the actual depreciation existing at the time of the inquiry. This deduction is made from the reproductive cost of physical property including such as may have been added by new construction, additions or betterments.

## OHIO SUPREME COURT—Continued

2. In fixing the valuation of such physical property, actual depreciation at the time of inquiry should be considered. Where the books of the utility carry a "reserve depreciation account" largely in excess of the actual depreciation found and deducted by the commission, such excess should not also be deducted from the present reproductive cost. The utility is entitled to a reasonable return on the fair value of its property actually used and useful for the convenience of the public.

3. While the history of a utility is an element to be considered in fixing a rate, this does not justify a deduction of more than actual depreciation from the net value of such physical property in order to ascertain its present fair valuation, nor does the fact that past profits secured from consumers in former years were invested in plant additions, justify the deduction of the entire "reserve depreciation account" carried on the utility's books, from the fair value of the utility's plant, including such as may have been added thereto by new construction, extensions or betterments.

4. A classified service schedule requiring the payment of toll charges for communications between unlimited subscribers contracting for service at a higher rate and limited subscribers contracting for optional service at a lesser cost, each residing in different zone areas, is reasonable, lawful and not discriminatory.

Case No. 18777, order affirmed in part.

Case No. 18779, order reversed in part.

In case No. 18777 Jones, Matthias, Day and Robinson, JJ., concur. Marshall, C. J., Allen and Kinkade, JJ., dissent.

In case No. 18779 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.